Derek A. Newman, NY Bar No. 5897079
Newman Du Wors LLP
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 377-0870
Email: dn@newmanlaw.com

Counsel for Plaintiff
Flex Marketing Group, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| FLEX MARKETING GROUP, LLC, | |
|---|---|
| Plaintiff, | Case No. 1:22-cv-6179 |
| v. | COMPLAINT FOR DECLARATORY JUDGMENT |
| JOSHUA LAPIN, an individual, | |
| Defendant. | |

Plaintiff Flex Marketing Group, LLC hereby alleges for its complaint against Defendant Joshua Lapin, on personal knowledge as to Plaintiff's own activities and status, and on information and belief as to the activities of others, as follows:

## INTRODUCTION

1. This is an action for declaratory judgment under 28 U.S.C. § 2201 that Flex did not violate commercial email laws by allegedly sending emails to Lapin.

2. Lapin claims that he received at least 2,143 emails for which Flex is liable. Lapin demands $1,000 in liquidated statutory damages for each email under South Dakota's commercial-email law, S.D. Codified Laws § 37-24-47, for a total of at least $2,143,000.

3. Lapin demanded payment from Flex under threat of a lawsuit.

4.  When Flex did not pay him, Lapin began filing lawsuits against Flex. As of the filing of this action, Lapin has filed three lawsuits against Flex, including in the U.S. District Court for the District of Arizona, Colorado state court, and Maryland state court. Those lawsuits collectively assert claims against Flex arising from 151 emails he allegedly received, for which Lapin seeks $151,000 in damages. In other words, despite filing three lawsuits, Lapin has only asserted claims arising from less than 10% of the emails he threatened to sue Flex for.

5.  This is a case of actual controversy within the Court's jurisdiction. Flex desires adjudication of Lapin's claims without having to wait for him to file an unknown number of additional lawsuits in far-flung jurisdictions.

6.  Flex files this lawsuit to obtain a declaratory judgment that it is not liable for violating commercial-email laws in connection with any emails Lapin claims to have received up to the date of judgment.

## JURISDICTION AND VENUE

7.  This Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000 and there is diversity of citizenship. Plaintiff is a citizen of New York, and only a citizen of New York. Defendant is a South Dakota resident.

8.  Defendant Lapin is subject to jurisdiction in this court because he subjected himself to jurisdiction in New York when he threatened to sue New York-based Flex for violations of commercial-email laws in New York.

9.  Venue is proper in the United States District Court for the Southern District of New York because this is a judicial district in which a substantial part of the events or omissions

occurred. Namely, Flex conducts its commercial-email marketing business from its Manhattan headquarters.

## PARTIES

10. Plaintiff Flex Marketing Group LLC is a New York limited liability company with its principal place of business in New York City. Flex has a total of two members. Both its members are residents of New York.

11. Defendant Joshua Lapin claims to be a legal resident of South Dakota. But according to Lapin, he is almost never in South Dakota. Rather, he is a self-described "digital nomad" who lives out of suitcases and moves from country to country every 30 days. Lapin claims to maintain legal residency in South Dakota through his maintenance of a rented mailbox whose address he uses for his South Dakota driver's license and voting registration.

## FACTS

**A.  Lapin has an extensive nationwide litigation campaign against businesses that engage in email marketing.**

12. Lapin is a prolific pro se litigant who demands settlements from companies for alleged violations of commercial-email laws. If he isn't paid he sues, seeking to recover significant statutory damages.

13. Lapin's litigation tactics frequently involve filing many motions, apparently aimed at increasing the cost of defense.

14. For example, in January 2022, Lapin filed a lawsuit in the U.S. District Court for the District of Idaho, *Lapin v. Jones et al.*, No. 22-cv-00011-DCN ("*Lapin v. Jones*"). In that case, Lapin sued various defendants over 340 commercial emails he allegedly received in violation of Idaho and South Dakota law, seeking $340,000 in statutory damages.

15. Within the first 60 days of that case, Lapin had filed so many motions that the court sua sponte entered an order preventing the filing of further motions without leave of court.

16. Since July 2021, Lapin has also filed commercial-email lawsuits in many jurisdictions across the country including state courts in Colorado[1], Florida[2], Kentucky[3], Maryland[4], Missouri[5], and South Dakota[6], and federal courts in Arizona[7], California[8], South Dakota[9], as well as in this District.[10]

**B.    Lapin threatened to sue Flex in New York for millions of dollars in statutory damages for alleged violations of email-marketing laws.**

17. Flex is a digital-marketing company that helps its clients advertise their products and services through multiple marketing channels, including websites and email.

18. Flex is headquartered in New York and conducts its email-marketing business from New York City.

19. Flex does not advertise in commercial email. Rather, it assists its advertiser customers with the initiation of commercial emails promoting their products and services.

20. Flex is not subject to jurisdiction in Arizona, Colorado, Maryland, or South Dakota.

21. On April 22, 2022, Lapin sent a letter to Flex and its CEO, Michael Held.

---

[1] *Lapin v. Am. Auto Shield LLC*, No. 2022CV99 (Jefferson Cnty. Dist. Ct., filed May 9, 2022).
[2] *Lapin v. SBG Media Enters. LLC*, No. 2021ca009329 (Palm Beach Cnty. Cir. Ct., filed July 30, 2021); *Lapin v. Apptness Media Grp. LLC*, No. 2021ca009331 (Palm Beach Cnty. Cir. Ct., filed July 30, 2021).
[3] *Lapin v. Wellness Brands LLC*, No. 21ci00372 (Madison Cnty. Cir. Ct., filed Aug. 20, 2021).
[4] *Lapin v. Gov't Emps. Ins. Co.*, No. C-15-CV-22-001703 (Montgomery Cnty. Cir. Ct., filed Apr. 26, 2022).
[5] *Lapin v. NRRM LLC*, No. 2111-CC00681 (St. Charles Cnty. Cir. Ct., filed Aug. 9, 2021).
[6] *Lapin v. Apollo Interactive Ins. Sols. LLC*, No. 49CIV21-2069 (Minnehaha Cnty. Cir. Ct., filed Aug. 6, 2021); *Lapin v. Zeetogroup LLC*, No. 49CIV22-725 (Minnehaha Cnty. Cir. Ct., filed Apr. 5, 2022).
[7] *Lapin v. NortonLifeLock, Inc.*, No. 2:22-cv-00759-MTL (D. Ariz., filed May 4, 2022).
[8] *Lapin v. Aml Network Ltd.*, No. 5:22-cv-3158 (N.D. Cal., filed May 31, 2022).
[9] *Lapin v. Everquote, Inc.*, No. 4:22-cv-4058 (D.S.D., filed Apr. 26, 2022).
[10] *Lapin v. John Doe*, No. 1:22-cv-4144 (S.D.N.Y., filed May 20, 2022).

22. In that letter, Lapin accused Flex of being responsible for 2,143 unsolicited commercial emails that he claims he received which he alleges violate various provisions of S.D. Codified Laws § 37-24-47 (the "SD Email Law").

23. Lapin threatened to sue Flex in New York for those emails and to seek a total of $2,143,000 in statutory damages. He demanded a settlement payment of over $1.7 million from Flex.

24. Since then, Lapin has filed multiple lawsuits against Flex in far-flung jurisdictions.

25. On April 26, 2022, Lapin filed a lawsuit against Flex and other defendants in the Maryland Circuit Court in and for Montgomery County, Maryland. *Lapin v. Gov't Emps. Ins. Co. et al.*, No. C-15-CV-22-001703 ("Maryland Case").

26. In the Maryland Case, Lapin alleges that Flex is liable for sending 49 unlawful commercial emails and seeks $49,000 in statutory damages.

27. On May 4, 2022, Lapin filed a lawsuit against Flex and other defendants in the United States District Court for the District of Arizona. *Lapin v. NortonLifeLock, Inc. et al.*, No. 2:22-cv-00759-MTL ("Arizona Case").

28. In the Arizona Case, Lapin alleges that Flex is liable for sending 68 unlawful commercial emails and seeks $68,000 in statutory damages.

29. On May 9, 2022, Lapin filed a lawsuit against Flex and other defendants in Colorado state court in the District Court in and for Jefferson County, Colorado. *Lapin v. American Auto Shield, LLC et al.*, No. 2022CV99 (subsequently removed to the United States District Court for the District of Colorado, No. 1:22-cv-01543) ("Colorado Case").

30. In the Colorado Case, Lapin alleges that Flex is liable for sending 34 unlawful commercial emails and seeks $34,000 in statutory damages.

31. Combined, the Maryland Case, Arizona Case, and Colorado Case involve 151 allegedly unlawful commercial emails for which Lapin claims Flex is liable and for which he seeks a total of $151,000 in statutory damages.

32. Thus, despite filing three separate lawsuits against Flex within just a few weeks, Lapin has only sued for less than 10% of the 2,143 emails he threatened to sue over.

33. Flex anticipates more lawsuits based on Lapin's threats and demands. At the current rate of about 50 emails per lawsuit, Lapin would need to file 40 more lawsuits against Flex to make good on his threat.

34. On June 14, 2022, Lapin threatened to file a "big suit" against Flex in this District.

**C.   The exceptional circumstances of Lapin's multi-jurisdiction litigation campaign against Flex indicate that this Court should exercise jurisdiction over all of Lapin's claims.**

35. The Court should exercise jurisdiction over all of Lapin's commercial-email claims against Flex, including those asserted in currently pending federal and state court actions, including the *NortonLifeLock* case in Arizona federal court, *American Auto Shield* in Colorado federal court, and *Geico* in Maryland state court, as well as any other federal or state action Lapin may have filed before or after the filing of this action.

36. Although federal courts generally abstain from exercising jurisdiction over claims that are simultaneously being litigated in state-court actions, doing so here would be appropriate under the Supreme Court's six-factor "exceptional circumstances" test in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

37. First, none of Lapin's pending federal or state court actions against Flex involve the assertion of in rem jurisdiction or jurisdiction over any res or property. They each only involve claims asserting liability arising from alleged commercial-email violations against Flex and one or more codefendants.

38. Second, this forum is more convenient for the parties than any of the other courts. Flex and all of its likely witnesses are based in New York, which makes it far less inconvenient than defending Lapin's claims in Arizona, Colorado, or Maryland. And New York is far more convenient than having to litigate simultaneously in all those far-flung fora.

39. Additionally, New York is not any more or less convenient for Lapin than any of the other jurisdictions. Lapin has alleged in his filed complaints against Flex, he is a "full-time traveling digital nomad, who move[s] from place to place, generally internationally, in 30 day cycles, without a permanent residence in or out of the United States." (Colorado Case, Compl. ¶ 2.)

40. In Lapin's lawsuits, he frequently requests permission for approval to appear remotely at all hearings. For example, in the *Arizona Case*, Lapin filed a motion to appear virtually or telephonically in all hearings, explaining that, "Plaintiff is a 'digital nomad' who travels from country to country every 30 days, with everything he owns in four suitcases that go with him. He is only able to attend hearings related to this matter cost-effectively by zoom, microsoft teams, telephone, or any other 'virtual medium.'" [*sic*] (*Arizona Case*, No. 22-cv-00759-MTL, Pl. Joshua Lapin's Request to Appear Virtually and/or Telephonically [Dkt. 5]). Despite those circumstances, Lapin routinely files lawsuits throughout the United States. There's no reason to believe that this forum would be less convenient than Arizona, Colorado, or

Maryland. To the contrary, a single case in New York would be far more convenient for Lapin than continuing to litigate his claims against Flex in all three of those fora simultaneously.

41. Third, by exercising jurisdiction over all of Lapin's claims against Flex, this Court would avoid piecemeal litigation. Lapin is currently bringing essentially identical commercial-email related claims against Flex in multiple disparate jurisdictions. Not only are the courts located in different states, but they're also all in courts with different controlling legal authority: the Arizona Case is in the Ninth Circuit, the Colorado Case is in the Tenth Circuit, and the Maryland Case is in Maryland state court. Lapin has also threatened to file a case here, which is in the Second Circuit. There could not be a greater risk of reaching inconsistent outcomes than the current litigation strategy Lapin has unleashed. By exercising jurisdiction over all of Lapin's claims against Flex, this Court can eliminate the risk of inconsistent outcomes in multiple jurisdictions.

42. Fourth, although Lapin has already filed two state-court cases against Flex, there has been limited progress in either. Lapin filed *American Auto Shield* in Colorado state court, but it was timely removed and even in the removed federal action there has been only a modest amount of activity. Similarly, in the Maryland case there has been no activity whatsoever—despite filing his complaint and receiving a summons from the clerk on April 26, 2022, Lapin still has not served any of the defendants in that case. On June 22, 2022, he requested and received re-issued summonses but still has not served anyone. The only ruling in either case was a minute order in *American Auto Shield* denying Lapin's blanket request to appear remotely for all hearings in that case. Given that there has been no progress in either of the cases Lapin filed against Flex in state courts, this factor also weighs in favor of this Court exercising jurisdiction over those claims.

43. Fifth, Lapin's claims against Flex should be determined by New York law. Flex seeks a declaratory judgment that is it not liable for Lapin's commercial-email claims against Flex. Flex conducts all its commercial-emailing business from New York and is subject to New York laws governing commercial-email marketing. Although Lapin's cases regularly assert South Dakota law, Flex has no connections with and is not subject to jurisdiction in South Dakota.

44. Because this Court has diversity jurisdiction over Flex's declaratory-judgment claims, New York choice-of-law rules will apply. In tort actions, New York applies the substantive law of the jurisdiction that has the most significant interest in the specific issues raised in the litigation. *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 196 (1985). The common thread among all of Lapin's claims against Flex is the allegation that Flex is responsible for sending unlawful commercial emails. Flex is based in New York. and engaged in any commercial email related conduct from New York. There is no other relevant jurisdiction, certainly not South Dakota, as Lapin was located in various locations around the world—but *not* in South Dakota—at all times relevant to this dispute. Accordingly, New York law should apply to those claims.

45. Sixth, the state courts in which Lapin has brought piecemeal claims against Flex are not adequate to protect Flex's rights because they are inherently unable to provide a complete and prompt resolution of Lapin's claims against Flex. None of the current actions he's filed include more than a tiny fraction of the claims he's threatened to bring against Flex. Even if Flex were to prevail in all the currently pending actions, that would represent less than 10% of the alleged commercial-email violations and liquidated damages Lapin has threatened to sue Flex over.

46. In sum, all of the *Colorado River*, 424 U.S. 800, factors weigh strongly against the Court abstaining from exercising jurisdiction over all of Lapin's claims against Flex, including those in the already filed federal and state court actions.

## CAUSE OF ACTION
**Declaratory Judgment—28 U.S.C. § 2201**

47. A justiciable substantial controversy exists between Plaintiff and Defendant as to whether Flex is liable under commercial-email laws to Lapin for emails he received that Flex allegedly sent or was otherwise involved with initiating before the date of judgment (the "Flex Emails").

48. Lapin has not suffered any damages as a result of receiving the Flex Emails.

49. Lapin's claims are preempted by federal law because they are based on, at most, technical, non-tortious falsities.

50. Lapin's claims are preempted by federal law because he is not an internet access service provider.

51. Flex is not liable to Lapin under applicable law for sending, advertising in, or otherwise initiating any of the emails received by Lapin or at any email account he controls, possesses, or established.

52. Plaintiff and Defendant have existing or genuine rights or interests upon which this Court's judgment may effectively operate with the force and effect of a final judgment at law or decree in equity upon the legal relationships of the parties.

53. This proceeding is genuinely adversarial in character between Plaintiff and Defendant.

54. A declaration by the Court would terminate the controversy between Plaintiff and Defendant.

55. The parties need the Court to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations among them.

56. This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57. This Court has the power to declare the rights, status, and other legal relations between the parties under 28 U.S.C. § 2201, et seq.

58. Accordingly, Plaintiff requests that the Court issue a judgment declaring that Plaintiff did not violate commercial-email laws with respect to any and all email that Lapin received before judgment, and that Defendant is entitled to no relief.

## PRAYER FOR RELIEF

Plaintiff Flex Marketing Group, LLC requests that the Court enters judgment against Defendant Joshua Lapin as follows:

1. That the Court enter a declaratory judgment that Flex is not liable to Lapin for violating applicable law by sending, advertising in, or otherwise initiating any of the emails received by Lapin or any email account he controls, possesses, or established before the date of judgment.

2. That the Court award Plaintiff its costs and attorneys' fees.

3. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

Dated: July 20, 2022

Respectfully submitted,

Newman Du Wors LLP

S/ Derek A. Newman
Derek A. Newman, NY Bar No. 5897079
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 377-0870
Email: dn@newmanlaw.com

Counsel for Plaintiff
Flex Marketing Group, LLC