

**Derek A. Newman**
Direct  +212.377.0873
Main   +212.377.0870
dn@newmanlaw.com

11 Broadway, Suite 615
New York, NY 10004

**FILED BY ECF**

September 8, 2022

MEMORANDUM ENDORSED

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Flex Marketing Group, LLC v. Lapin*, Case No. 1:22-cv-06179-AT-GWG

Judge Gorenstein:

I represent Plaintiff Flex Marketing Group, LLC. This letter sets forth the basis for Flex's motion to stay discovery until at least after the closing of pleadings in this action and to adjourn the Rule 16 conference currently set for September 22, 2022, at 10:30 a.m. (Docket # 21.) Flex met and conferred with pro se Defendant Joshua Lapin about this motion and its requested relief. Mr. Lapin stated that he intends to "fiercely" oppose Flex's motion.

**A. Factual Background**

Mr. Lapin threatened to sue New York-based Flex for alleged violations of South Dakota's law regulating commercial email. In April 2022, Mr. Lapin claimed that he received over 2,000 emails for which he demanded more than $2 million in settlement and threatened to sue Flex in this Court. Instead, Mr. Lapin sued Flex in several different courts, including in Arizona, Colorado, and Maryland. In each case, he only sued Flex for a few dozen of the more than 2,000 emails. Mr. Lapin continues to demand Flex pay him more than $2 million and is apparently seeking to force it to incur such steep litigation costs that it has no choice but to pay him. Flex filed this action seeking declaratory relief as to all of Mr. Lapin's claims against it.

Mr. Lapin has filed a dozen or more lawsuits across the country seeking to cash in on statutory damages based on the alleged receipt of commercial email. (*See* Compl. (Docket # 1) ¶ 16.) He frequently engages in intensive motion practice and seeks extensive third-party discovery. (*See id.* ¶¶ 13–15.) In this case, Mr. Lapin has already sought the issuance of eight third-party subpoenas and moved for leave to conduct expedited discovery. (Dockets # 10–18.) The Court issued an order denying Mr. Lapin's motion and vacating his requested subpoenas. The order also prohibited the parties from taking third-party discovery without leave "in an effort to ensure that discovery is conducted in this case in an orderly manner and without undue burden to non-parties…" (Docket # 20.)

*Honorable Gabriel W. Gorenstein*
*September 8, 2022*
*Page 2 of 3*

On September 8, 2022, Mr. Lapin filed a motion to dismiss Flex's complaint. (Docket # 23.) Similarly, Flex anticipates filing a motion for judgment on the pleadings after Mr. Lapin files an answer.

**B.     Discovery should be stayed at least until after the pleadings have been finalized and early motions have been resolved.**

A district court may stay discovery upon a showing of good cause.[1] This Court may also control the timing and sequence of discovery under Rule 26(d). Based on these provisions, courts in this district have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' "[2] In granting a stay, courts generally consider "the breadth of discovery sought and the burden of responding to it."[3] In particular, good cause exists to stay discovery where a motion to dismiss is potentially dispositive and may therefore "obviate the need for burdensome discovery."[4]

Here, Mr. Lapin has already filed a motion to dismiss, and Flex anticipates filing a motion for judgment on the pleadings under Rule 12(c). Since Mr. Lapin demonstrated that he intends to seek extensive third-party discovery in this action, there is no question that burdensome discovery could be avoided by staying discovery until at least after the close of the pleadings and resolution of the parties' early motions.

**C.     The Rule 16 conference should be adjourned until after the pleadings have been closed and early motions have been resolved.**

Similarly, under Rule 16(b)(2), issuance of a scheduling order may be delayed upon a finding of good cause.[5] The burden of discovery in this action is likely to be significant—particularly with respect to the burden imposed on third parties—yet the case may be disposed of by either party's anticipated early motion. Thus, Flex respectfully requests that the Court find good cause to delay issuance of a scheduling order and adjourn the currently scheduled Rule 16 conference until at least after the resolution of the pleadings and any related motions.

---

[1] Fed. R. Civ. P. 26(c); s*ee also Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (staying discovery until resolution of motion to dismiss).

[2] *In re Currency Conversion Fee Antitrust Litig.*, No. M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209–10 (S.D.N.Y. 1991)); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94CIV.2120(LMM)(AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996).

[3] *Anti-Monopoly, Inc.*, 1996 WL 101277, at *3.

[4] *Johnson*, 205 F.R.D. at 434.

[5] Local Civil Rule 16.2 (authorizing Magistrate Judge to modify scheduling orders).

*Honorable Gabriel W. Gorenstein*
*September 8, 2022*
*Page 3 of 3*

### D. Conclusion

As in his other cases, Mr. Lapin has demonstrated that he intends to conduct extensive discovery, including third-party discovery, here as part of his effort to force Flex to capitulate and pay him millions of dollars over the alleged receipt of emails. Yet Mr. Lapin has already filed a motion to dismiss and Flex intends to file an early dispositive motion once the pleadings have closed.

Flex respectfully requests that the Court stay discovery and adjourn the currently scheduled Rule 16 conference until at least thirty days after the close of pleadings and the resolution of the parties' pleadings motions.

Respectfully submitted,

NEWMAN DU WORS LLP

*/s/ Derek A. Newman*

Derek A. Newman

---

The Court interprets the plaintiff's application to stay discovery (Docket # 25) as a concession that it has no plan to seek discovery of its own in order to oppose the motion to dismiss. Obviously, the defendant is not entitled to discovery in order to pursue a motion that defendant itself filed. As for any issues of spoliation, which were raised by defendant in his opposition (Docket # 27), plaintiff has a duty to preserve all evidence that it knows or should know is relevant to the defendant's defense. Defendant is free to inform plaintiff directly (and without Court involvement) of any types of documents or electronically stored information he believes falls within this category and that is within plaintiff's control. Plaintiff is not obligated to respond to such a letter, however. If the litigation resumes following disposition of the motion to dismiss, and it turns out any relevant material was willfully destroyed, defendant would be entitled to make an application for spoliation sanctions. It is not, however, necessary or prudent to permit discovery at a time when defendant himself is asserting that the case should be dismissed based on the current record. Accordingly, the application to stay discovery (Docket # 25) is granted. The conference scheduled for September 22, 2022 is adjourned sine die.

So Ordered.

*/s/ Gabriel W. Gorenstein*
GABRIEL W. GORENSTEIN
United States Magistrate Judge

September 13, 2022